UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**
                               **Plaintiff,**

   vs.                                                                             12-CV-739

**PHILLIP ALLEN,**
                               **Defendant.**
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

**DECISION & ORDER**

**I. BACKGROUND**

     Plaintiff commenced this action seeking damages for an unpaid student loan, including interest, costs and fees. Dkt. #1, Pls. Compl. at ¶2. Presently before the Court is Plaintiff's Motion for a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

**II. DISCUSSION**

     Plaintiff commenced this action on May 2, 2012. To date, Defendant has neither answered nor otherwise appeared in this matter. Dkt. No. 8, Pls. Aff. at ¶2(c). Pursuant to Fed. R. of Civ P. 55(a), Plaintiff requested that the Court Clerk enter default. Dkt. No. 5. The Court Clerk entered default on July 26, 2012. On September 20, 2012, Plaintiff filed and served a motion for default judgment. Dkt. Nos. 8-9. Pursuant to Local Rule 7.1(b)(1), opposition papers were due October 9, 2012. Defendant has not opposed the Motion.

To obtain a default judgment, Plaintiff must satisfy the procedural requirements of Fed. R. Civ. P. 55 and N.D.N.Y. L.R. 55.2.  See Chao v. Party Rental Enters., Inc., 2008 WL 3851812, at *5 (N.D.N.Y. Aug. 15, 2008).  Local Rule 55.2 requires Plaintiff to accompany its motion with a clerk's entry of default certificate, a proposed form of default judgment, and a copy of the pleading to which no response has been made. See L.R. 55.2(b).  The moving party also must include an affidavit setting forth: 1) that the responding party is not an infant, incompetent, or in the military service; 2) the responding party has defaulted in appearance in the action; 3) service was proper under Fed. R. Civ. P. 4; 4) the amount sought is justly due and owing and that no part has been paid; and 5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  See L.R. 55.2(a).  Plaintiff satisfied the procedural requirements of Fed. R. Civ. P. 55 and N.D.N.Y. L.R. 55.2.  See Dkt. Nos. 1 and 8.

Defendant's default serves as an admission of all well-pleaded allegations in the Complaint.  See Volkswagen A.G. v. V.W. Parts, Inc., 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009).  Therefore, based on the default, Defendant admits the following facts: 1) on or about February 19, 2002, Defendant executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Chase, U.S.A. Trust; 2) the loan was disbursed for $59,603.25 on March 28, 2002 at a rate of 6.75 percent interest per annum; 3) the loan obligation was guaranteed by the Education Credit Management Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071; 4) Defendant defaulted on the

loan on June 14, 2003; 5) demand was made upon Defendant for payment of the indebtedness; and 6) Defendant has not paid.  Dkt. No. 1, Pls. Compl. Ex. B.  These allegations are sufficient to establish Defendant's liability for a breach of contract.  See Marks v. N.Y. Univ., 61 F. Supp.2d 81, 88 (S.D.N.Y.1999)  (indicating elements of breach of contract are: the existence of a contract, performance by the party seeking recovery, non-performance by the other party, and damages attributable to the breach).

      Although Defendant's default constitutes a concession of Plaintiff's allegations, it does not serve as an admission of damages.  See Volkswagen A.G., 2009 WL 1045995, at *1.  Plaintiff has the burden to establish damages in an evidentiary proceeding.  See id.  However, if the damages are susceptible to mathematical computation, or the amount is liquidated, the court need not conduct an evidentiary proceeding because there is a basis for calculating the damages.  See id.  Here, no evidentiary proceeding is necessary.  The materials submitted with the Complaint, together with the affidavits in support of the Motion for Default Judgment, are sufficient to establish damages on the promissory note because the principal owed on the note and the interest are susceptible to mathematical computation.  See Dkt. No. 1, Pls. Compl. at ¶2; see also Dkt. No. 8, Pls. Aff. at ¶3.

      Plaintiff also seeks an award pursuant to Fed. R. Civ. P. 55(b) of $350.00 in U.S. District Court filing fees (28 U.S.C. § 2412(a)(2)).  Dkt. No. 8 at ¶3.  Plaintiff presented no evidence it actually incurred this fee, other than counsel's representation that the information contained in the motion is true.  See United States v. Anthony, 2010 WL 681359, at *2 (N.D.N.Y. Feb. 24, 2010).  Accordingly, the Court will not award costs at this time.  Plaintiff may file a separate Bill of Costs after judgment is entered.

Lastly, Fed. R. of Civ. P. 54(c) states that a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  Plaintiff requests the same monetary sum, composed of loan principal plus respective interest at a rate of 6.75 percent per annum, both in its Complaint and Default Judgment Motion.  Dkt. #8.  Though the amount requested in the Motion for Default Judgment is higher than the amount in the Complaint, it is only due to the accrued interest and not an increase in the base principal amount.  Thus, the award requested complies with Fed. R. Civ. P. 54(c).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for Default Judgment.  Accordingly, the Clerk of Court is directed to enter judgment in Plaintiff's favor for the principal sum of $64,064.18, total interest at 6.75 percent per annum accrued through September 20, 2012 in the amount of $41,325.81 (includes interest amount stated in Complaint of $39,640.77 plus accrual through September 20, 2012 at 6.75 percent per annum in the amount of $1,685.05), plus additional accrued interest at 6.75 percent per annum from September 20, 2012 to the date of entry.

**IT IS SO ORDERED.**

Dated: *November 16, 2012*

_____
Thomas J. McAvoy
Senior, U.S. District Judge